## Commonwealth v. Swearman

*Francis P. Bach, Assistant Attorney General,* for Commonwealth.
*Michael C. Baldauff,* for defendant.

CASSIMATIS, *J.*, April 23, 1980—On August 23, 1979 the Director of the Bureau of Traffic Safety of the Department of Transportation notified defendant that his operating privileges were suspended for a period of six months for violation of section 1547 of the Vehicle Code, 75 Pa. C.S.A. §1547, on June 8, 1979. A timely appeal was filed with this court on September 21, 1979 which is now before us for disposition.

On February 5, 1980 a hearing was held at which time the testimony of Pennsylvania State Trooper Gilbert developed the following: On June 8, 1979 the defendant was arrested for driving under the influence of alcohol. He was advised of his constitutional rights, handcuffed and transported to the Gettysburg State Police Barracks where Trooper Gilbert informed defendant of the effect of the failure to submit to chemical tests. Defendant said that he would submit. The breathalizer machine at the barracks was prepared but malfunctioned. Trooper Gilbert then asked defendant to go to the hospital for blood tests to which defendant agreed. At the hospital, he was taken into the treatment room where the nurse asked him to sign a waiver which contained a release exculpating the hospital of any liability for conducting the test. The nurse said she

would not perform the test without the waiver. Defendant replied that he would not sign the waiver and would not take the test. Thereupon, Trooper Gilbert again informed defendant that his license would be suspended for six months if he refused to submit to the chemical test. Trooper Gilbert noticed a change in the attitude of defendant between the barracks and the hospital. At the latter place, he mentioned he was afraid of needles.

The certified records introduced into evidence by the Commonwealth as Exhibit #1 described the violation of defendant as "Refused to submit to chemical test of *breath*" (emphasis supplied), and identified the section violated as section 1547.

It is clear and undisputed that defendant did *not* refuse to submit to a chemical test of his breath. To the contrary, he consented to the test which was not administered because the machine malfunctioned. At most, he refused to submit to a blood test after he refused to sign a waiver and agreement exculpating the hospital from any liability in conducting the blood test.

The issue in this case is whether a motorist who agrees to a chemical test of his breath to determine the amount of alcohol, which cannot be taken because of a malfunctioning machine, may have his operating privileges suspended for refusing to submit to a chemical blood test.

The Vehicle Code, 75 Pa. C.S.A. §101 et seq., effective July 1, 1977, provides in pertinent parts in section 1547 as follows:

"(a) General rule.—Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a *chemical test of breath or blood* for the purpose of determining the

alcoholic content of blood if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol . . . .

"(b) Suspension for refusal. —(1) If any person placed under arrest for driving under the influence of alcohol is requested to submit to a *chemical test* and refuses to do so,the test shall not be given but upon notice by the police officer, the department shall [suspend or revoke the operating privileges depending upon the circumstances].

"2. It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended or revoked upon refusal to submit to a chemical test . . . .

"(g) Blood test in lieu of breath test. —If for any reason a person is physically unable to supply enough breath to complete *a chemical test,* a physician or nurse or a technician acting under a physician's direction may withdraw blood for the purpose of determining its alcoholic content . . . . *The operating privilege of any person who refuses to allow a blood test under the above circumstances shall be suspended pursuant to subsection (b). . . .*

"(j) Immunity from civil liability and reports.— No physician, nurse or technician or hospital employing such . . . shall be civilly liable for the withdrawing of blood and reporting of test results to the police at the request of a police officer pursuant to this section." (Emphasis supplied.)

Subsection (g) of section 1547 clearly indicates a blood test is to be used in lieu of a breath test where the motorist is physically unable to supply enough

breath to complete a breath test.* Instantly, the motorist was willing to take the breath test. The only reason it was not taken was because the machine malfunctioned. Defendant is not in any way responsible for such malfunctioning.

In reading section 1547 of the Vehicle Code we conclude that the legislature intended that a motorist's operating privileges be suspended (1) for failure to take a chemical breath test and (2) for failure to take a chemical blood test *only* where the motorist is "physically unable to supply enough breath to complete a chemical [breath] test. . . ." We perceive no legislative intent to give the Commonwealth the opportunity, *in license suspension cases,* to require the motorist to take a blood test where a chemical breath test cannot be conducted because of the lack of a breath test machine or the malfunctioning of such a machine.

The Commonwealth argues that section 1547(b)(1) provides that a person placed under arrest who "is requested to submit to *a chemical test* and refuses to do so" shall have his operating privileges suspended or revoked, as appropriate; that a blood test is a chemical test; and that the instant motorist refused to submit to the blood test and, therefore, should have his operating privileges suspended. Such a construction overlooks several significant factors. First, the motorist agreed to submit to *a* chemical test, a test of his breath. Secondly, section 1547(g) of the Vehicle Code of 1976 and its predecessor provision, section 624.1(f) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S.§624.1(f), indicate a legislative

---

*The statutory language at this point is "to complete a *chemical* test." Chemical can only mean a breath test or a chemical analysis from a breath test.

intent that a blood test be used in lieu of a breath test only where the motorist "is physically unable to supply enough breath to complete a chemical [breath] test . . . ."

We note that section 624.1 did not provide for the suspension of a motorist's operating privileges for refusing to submit to a chemical test of his blood, but only of his breath: Com. v. Maylone, 61 D.&C. 2d 139 (1972); Com. v. Klinedinst, 82 York 198 (1969). Contra, Com. v. Roth, 35 Lehigh 11 (1972).

Accordingly, we find that under the facts in this case, the action of the Director of Bureau of Traffic Safety, Department of Transportation, in suspending appellant's operating privileges was invalid and improper, and the appeal from the suspension must be sustained. Accordingly, we shall enter the following

## ORDER

And now, April 23, 1980, the suspension order of the Director of the Bureau of Traffic Safety of the Department of Transportation entered against Edgar J. Swearman on August 23, 1979 is overruled, the appeal is sustained, and appellant's operator's privileges are hereby reinstated.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.